# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAMMY AURORA MANN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-18-0367-HE |
| | ) | |
| DEBBIE ALDRIDGE, Warden, | ) | |
| Mabel Basset Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner Tammy Aurora Mann is a state prisoner who seeks habeas relief pursuant to 28 U.S.C. § 2254. She was convicted in the District Court of Canadian County, State of Oklahoma, of first-degree manslaughter and sentenced to twenty years imprisonment.

Ms. Mann appealed her conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the conviction. She then sought post-conviction relief. The state district court denied relief, and the OCCA affirmed the denial.

Petitioner then sought habeas relief in this court. The matter was referred to then-U. S. Magistrate Judge Charles Goodwin for initial proceedings. Judge Goodwin issued a Report and Recommendation (the "Report") recommending that habeas relief be denied. Petitioner has objected to "all negative findings" in the Report. The objection triggers *de novo* review by the court of the matters to which objection has been made, and the court has conducted that review.

The Report thoroughly sets out the factual background and that description need not be repeated here. The Report also accurately sets out the relevant standard of review.

Because that standard is central to the court's disposition of petitioner's challenges, it warrants explicit restatement.

Under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), this court may grant habeas relief only if the state court' adjudication of the issues "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2).

Factual findings are not "unreasonable" just because this or some other reviewing court might have found the facts differently in the first instance. Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015). Rather, this court must defer to the state court determination of the issue so long as "reasonable minds reviewing the record might disagree about the finding in question." *Id.*

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree on the correctness of the state court's decision." Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016). In other words, this court's review is highly deferential as to the determination of the OCCA.

The standard applicable to petitioner's underlying claims of ineffective assistance of counsel is also deferential. As the Report noted, a petitioner must show both deficient performance by counsel, tested against general standards of professional competence and a presumption that decisions made were consistent with sound trial strategy, and that the

deficient performance actually prejudiced the party.  Strickland v. Washington, 466 U.S. 688, 690-1 (1984).

The result, in circumstances like those present here, is that this court's review of the state court determination is not only highly deferential, but "doubly so" when the two standards are applied in tandem.  Harrington v. Richter, 562 U.S. 86, 105 (2011).

Tested against these standards, petitioner's objections do not show a basis for rejecting the conclusions in the Report and, in particular, its conclusion that the state court's determination of the issues was not unreasonable.

After consideration of petitioner's objections, and for substantially the reasons stated in the Report, the court concludes petitioner has not shown a sufficient basis for habeas relief.  The Report and Recommendation [Doc. #11] is **ADOPTED** and the petition is **DENIED**.  The court further concludes that a certificate of appealability is not warranted in this case.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE